F I L E D
CLERK OF COURT

2026 JUN 29 PM 4: 19

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

GODWIN LAWRENCE QUITUGUA,
DOB:02/28/1975

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CM0276-25**
GPD Report No. 25-20286

**DECISION & ORDER
RE. PEOPLE'S MOTION TO DISMISS
WITHOUT PREJUDICE**

This matter came before the Honorable Alberto E. Tolentino on March 4, 2026, for a Pre-Trial Conference. Defendant Godwin Lawrence Quitugua ("Defendant") was present with counsel Attorney Rawlen Mantanona. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). At the hearing, the court addressed the People's Motion to Dismiss without Prejudice, which was filed that morning. The court dismissed this case but reserved its ruling on the issue of prejudice until further briefing from the parties. Finding oral arguments on the Motion to Dismiss without Prejudice unnecessary, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings and the applicable law, the court now issues this Decision and Order **GRANTING IN PART AND DENYING IN PART** the People's Motion to Dismiss without Prejudice.

## BACKGROUND

Based on events that occurred on or about August 15, 2025, the Defendant was charged with ASSAULT (As a Misdemeanor) and FAMILY VIOLENCE (As a Misdemeanor). *See* 1st Amended Magistrate's Compl. (Aug. 18, 2025).

On February 4, 2026, the parties represented to the court that both were ready to proceed with trial as scheduled. *See* Further Proceedings Mins. at 10:10:46AM (Feb. 4, 2026). At the Pre-Trial Conference, addressed the People's Motion to Dismiss ("Motion to Dismiss"), which was filed that morning. *See* Pre-Trial Conference Mins. at 9:20:40AM (Mar. 4, 2026). However, the Defendant objected to it, seeking dismissal with prejudice instead. *Id.* Ultimately, the court granted this case's dismissal but allowed the parties additional time to brief the issue of prejudice in accordance with its deadlines stated on the record. *Id.*

The Defendant subsequently filed his Opposition to the Motion to Dismiss ("Opposition") on March 9, 2026. Shortly after, the People submitted its Response to the Defendant's Opposition ("Response"). Upon reviewing the parties' briefs on the issue of prejudice, the court took the matter under advisement finding oral arguments unnecessary.

## DISCUSSION

Under 8 GCA § 80.70:

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

8 GCA § 80.70(a). "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *People v.*

*Gutierrez,* 2005 Guam 19 ¶ 49 (quoting *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15 (1977)). Although the Defendant does not object to this case's dismissal, he objected to its dismissal *without* prejudice, which he further reasoned in his written Opposition. Because the People filed its Motion to Dismiss without leave of court as required under 8 GCA § 80.70(a), dismissal under this authority is not appropriate.

Within the Motion to Dismiss, the People state that there is good cause to dismiss this case without prejudice, because "[t]he alleged victim, a critical and material witness has expressed both verbally and in writing that they do not wish to testify, and a desire to have the charges against Defendant dropped." *See* Ppl.'s Mot. Dismiss at 1 (Mar. 4, 2026). In his Opposition, the Defendant argues that dismissal should be with prejudice, because the People continued this prosecution despite possessing this information about the victim's desire not to testify and to drop the charges for about a month before filing its Motion to Dismiss. *See* Def.'s Opp'n at 3 (Mar. 9, 2026).

"The prosecutor's good or bad faith in bringing the motion is the determining factor in granting or denying the motion." *Gutierrez,* 2005 Guam 19 ¶ 51. Specifically, the issue is "whether the Government's later efforts to terminate the prosecution were similarly tainted with impropriety." *Id.* (quoting *Rinaldi,* 434 U.S. at 30, 98 S. Ct. at 85). While there is a "'presumption that [the prosecutor] is acting in good faith and in the proper discharge of his duties . . . ' it can be rebutted if a lack of good faith is shown." *Id.* ¶ 51–53 (quoting *United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n,* 228 F.Supp. 483, 486 (S.D.N.Y. 1964); *see also United States v. Salinas,* 693 F.2d 348, 352 (5th Cir. 1982)). "Once bad faith in bringing the motion is found, the court may conclude that the prosecutor's actions would result in harassment, thereby

warranting the denial of the government's motion to dismiss." *Id.* ¶ 54 (citing *Salinas*, 693 F.2d at 351).

As a preliminary matter, the People requested the court to take judicial notice of the presumption of good faith. *See* Ppl.'s Response at 2. Judicial Notice under Guam Rule of Evidence ("GRE") 201 only governs an adjudicative fact; "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned." Guam R. Evid. 201(a)–(b). While this court can take judicial notice of the presumption of good faith as addressed by the Supreme Court of Guam in *People v. Gutierrez*, the People's presumption of good faith in *this* case is not the type of adjudicative fact that the court can take judicial notice of.

In stating that the People have possessed information regarding the alleged victims since February 3, 2026, the Defendant argued that continuing this prosecution "left him to fear for his future freedom, reputation and the pressure of prosecution, forcing him to expend his resources to prepare a defense for a case, to prove his innocence, knowing they couldn't move forward." Def.'s Opp'n at 3–4. Attached to his Opposition was a Declaration of Counsel, declaring under penalty of perjury the following timeline of events in relevant part:

> 4. On October 31, 2025[,] I met with a member of the Attorney General's Office Prosecution Division to discuss the case *** I explained that the assault victim denied being assaulted and the version *** of Ms. Mendiola. The Attorney General's Office said they would consider recommending a Deferred Plea to Domestic Violence.
>
> 5. On January 20, 2026[,] the defense provided the Attorney General's Office Prosecution Division its discovery including videos in the early morning hour at the Acanta Mall on August 15, 2025, and Mr. Bamba's Attorney's letter as to his denial of assault by the Defendant and not witnessing Ms. Mendiola's assault or failing to corroborate her statement.

6. On February 10, 2026, the defense received supplement[al] discovery of Ms. Mendiola's oral statement to Attorney General's Investigator and written statement that she didn't want to proceed with pressing charges and going to Trial.

7. [O]n February 4, 2026, Declarant received an email saying that Defendant was eligible for Domestic Violence Deferred Plea.

8. [O]n March 3, 2026 at 5:08pm I received an email from the Attorney General's Office that they intend to file a Motion to Dismiss the above caption case without prejudice.

Decl. (Mar. 9, 2026). Despite this, the People argue that "the defendant has suffered no detriment due to delay or harassment." Ppl.'s Response at 2. The People further argue that the presumption of good faith should apply here, because "there is no 'substantial evidence' or 'clear evidence to the contrary.'" *Id.*

In this case, there was at least a three-week gap in time between the Defendant's receipt of both victims' desire not to proceed with the case and the People's Motion to Dismiss. However, the People received this information after the court's deadline to file motions passed on February 2, 2026. *See* Criminal Trial Scheduling Order (Oct. 16, 2025). While the court admonishes the People for filing a Motion to Dismiss on the eve of trial and without leave of court, the court does not believe a three-week delay in terminating this prosecution was tainted with impropriety.

After considering the circumstances leading up to dismissal and the parties' arguments, the court finds that the People did not act in bad faith when moving to dismiss this case. Although the People acted in good faith, the court also finds that dismissal with prejudice is appropriate in light of alleged victims' denial of the assault and desire to drop the charges as stated in the Defendant's Declaration of Counsel.

\\

\\

\\

## CONCLUSION

For reasons stated above, the court hereby **GRANTS IN PART AND DENIES IN PART** the People's Motion to Dismiss without Prejudice. The court hereby orders that the above-captioned matter is **DISMISSED WITH PREJUDICE.**

No further proceeding is scheduled before this court.

**SO ORDERED**     **JUN 2 9 2026** .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam